IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| STEVEN E. MILLER, | ) Civil Action No. 3:08-4106-DCN-JRM |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| DMH JOHN MCGILL; | ) **REPORT AND RECOMMENDATION** |
| CHAD LOMINIK; | ) |
| MR. GALEN SANDERS; AND | ) |
| ROBERT STEVENSON, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on December 29, 2008.[1] Plaintiff is involuntarily committed to the Sexually Violent Predator Treatment Program ("SVPTP") at the South Carolina Department of Mental Health as a Sexually Violent Predator ("SVP") pursuant to the South Carolina SVP Act, S.C. Code Ann. § 44-48-10 et seq. Plaintiff filed an amended complaint on February 4, 2009. He alleges claims concerning his conditions of confinement.

On January 8, 2009, Plaintiff filed a motion titled "Emergency Temporary Restraining Order To not double cell plaintiff Steve E. Miller Until Plaintiff's entire § 1983 Complaint Can be Resolved." Defendants DMH John Magill ("Magill"),[2] Chad Lominick ("Lominick"), and Galen

_____

[1]This action was originally filed by a number of plaintiffs who challenged various conditions of confinement. See Treece v. SCDMH, 3:08-3909-DCN-JRM (D.S.C.). On December 18, 2008, the Honorable David C. Norton, Chief United States District Judge, District of South Carolina, denied class certification and directed that individual civil action numbers be assigned to each plaintiff who signed the complaint.

[2]The correct spelling of this defendant's last name appears to be "Magill." See Doc. 24 (Answer).

Sanders ("Sanders") filed a response on March 13, 2009. Defendant Robert Stevenson ("Stevenson") filed a response on June 25, 2009.[3]

The undersigned construes Plaintiff's motion for an emergency temporary restraining order ("TRO") as a motion for preliminary injunctive relief. The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c) the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to

---

[3]Stevenson provides that he was not served with the complaint or Plaintiff's motion until June 10, 2009. See Docs. 39 and 40.

cases where "the exigencies of the situation demand such relief." <u>Wetzel v. Edwards</u>, 635 F.2d 283, 286 (4th Cir. 1980).

Plaintiff appears to argue that his motion should be granted because the rooms at the SVPTP are less than forty-five square feet per person, the facility was designed for single occupancy, and double-celling violates the Eighth Amendment "when combined with adverse conditions such as small cell areas, poor ventilation, lack of sleeping quarters, increase in stress, tension, communicable diseases, increased confrontations, and four showers for 107 civilly committed residents." Plaintiff's Motion at 2. Defendants Magill, Lominick, and Sanders contend that Plaintiff's motion should be denied because Plaintiff fails to show that he will suffer irreparable harm if an injunction is not granted, he fails to show that he will be successful on the merits of his claim, and he fails to allege any reason why the threat of double-bunking affects the public interest. Defendant Stevenson is the Warden of the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He contends that, as an employee of SCDC, he has no involvement in the decision of whether or not to double-bunk a resident of the SVPTP. Stevenson further states that to the extent that he is required to respond to Plaintiff's motion, he adopts and joins in the response of Defendants Magill, Sanders, and Lominick.

Plaintiff fails to show that he will suffer irreparable harm if an injunction is not granted. He does not allege that he has been double-celled, but merely that there is a possibility that some SVPs may be double-celled. Sanders, the Nurse Administrator for the SVPTP, states that Plaintiff is not currently double-bunked, he has never been double-bunked at the program, and there are no immediate plans to double-bunk him. She states that double-bunking has become necessary due to the increase in the number of SVP referrals. Sanders states that determinations regarding double-

bunking are made pursuant to the program's policies; decisions are made by staff with the medical, treatment, and safety interests of each resident in mind; and factors taken into consideration when deciding whether to double-bunk a resident include infectious concerns, individual behavioral management issues, participation status, treatment programs, length in program, and physical limitations of the resident. Residents are allowed to appeal a double-bunking concern through the grievance process. Sanders Aff., Paras. 2, 7-12.

Plaintiff also fails to show that he is likely to be successful on the merits of the underlying dispute. Plaintiff alleges that possible double-celling would violate his Eighth Amendment rights. Involuntarily committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions. Youngberg v. Romeo, 457 U.S. 307, 324 (1982). Due process requires that the conditions and duration of confinement under the SVP Act bear some reasonable relation to the purpose for which persons are committed. See Seling v. Young, 531 U.S. 250, 265 (2001); Youngberg v. Romeo, supra.

In deciding whether a civilly-institutionalized individual's constitutional rights have been violated, the courts must balance the individual's liberty interest against the relevant state interests, but deference must be given to the decisions of professionals. Youngberg, 457 U.S. at 321. "[T]he decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323. Deference to professionals ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. Id. at 322. Here, Plaintiff

has not shown that Defendants' decisions are a substantial departure from accepted professional judgment, practice, or standards.

As discussed above, Plaintiff fails to show that he will suffer irreparable harm if an injunction is not granted and he fails to show that he is likely to be successful on the merits of the underlying dispute. Additionally, Plaintiff has not shown that the public interest would be harmed if his motion is denied. **It is, therefore, recommended that Plaintiff's motion for a TRO or preliminary injunction (Doc. 7) be denied.**

Joseph R. McCrorey
United States Magistrate Judge

July 15, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).