IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| STEVE E. MILLER, | ) Civil Action No. 3:08-4106-DCN-JRM |
| Plaintiff, | ) |
| -vs- | ) |
| | ) **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH, SCDMH; ET AL., | ) |
| Defendants. | ) |

Plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983 on December 29, 2008.[*] He is involuntarily committed to the Sexually Violent Predator Treatment Program ("SVPTP") at the South Carolina Department of Mental Health as a Sexually Violent Predator ("SVP") pursuant to the South Carolina SVP Act, S.C. Code Ann. § 44-48-10 *et seq.* Defendants filed motions to dismiss and/or for summary judgment on May 19, 2009 and October 6, 2009, respectively, pursuant to Fed. R. Civ. P. 56. As the Plaintiff is proceeding *pro se*, an orders pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) were entered by the Court on May 20, 2009 and October 7, 2009, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motions may be granted.

However, notwithstanding the specific warning and instructions as set forth in the Court's

---

[*]This action was originally filed by a number of plaintiffs who challenged various conditions of confinement. On December 18, 2008, the Honorable David C. Norton, Chief United States District Judge, District of South Carolina, denied class certification and directed that individual civil action numbers be assigned to each plaintiff who signed the complaint.

Roseboro order, the Plaintiff failed to respond to the motions. As the Plaintiff is proceeding *pro se*, the court filed a second order on November 19, 2009, advising Plaintiff that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and giving the Plaintiff an additional fifteen (15) days in which to file his response to the Defendants' motions for dismissal/summary judgment. The Plaintiff was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.

Notwithstanding this second warning, the Plaintiff still did not respond. Therefore, Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).[**] Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. *See* Davis, 558 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

                                                 Joseph R. McCrorey
                                                 United States Magistrate Judge

Columbia, South Carolina

December 14, 2009

**The parties are referred to the Notice Page attached hereto.**

---

[**]He is personally responsible for proceeding in a dilatory fashion, the Defendant is suffering prejudice by continuing to have these claims clouding their careers and continuing to incur legal expenses, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. Lopez, 669 F.2d at 920.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).